E-FILED
Wednesday, 03 March, 2010  10:43:31 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ABIODUN SOWEWIMO,
   Plaintiff,

   vs.                       No. 08-1263

ASHTON BLAKEWELL, et.al.,
   Defendants

## SUMMARY JUDGEMENT AND CASE MANAGEMENT ORDER

     This cause is before the court for consideration of the defendants' motion for summary judgement [d/e 32]; the plaintiff's motion to amend his complaint [d/e 36]; the plaintiff's motion to compel discovery [d/e 37]; and the plaintiff's motion for appointment of counsel.[d/e 44]

## I. BACKGROUND

     The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Hill Correctional Center.   After merit review, the court found the plaintiff had stated the following claims:

     1) Correctional Officers Ashton Blakewell, Tammy Bennett and Christopher McLaughlin retaliated against the plaintiff in violation of his First Amendment rights; and
     2) Correctional Officers Blakewell, Bennett and McLaughlin violated the plaintiff's First Amendment right to the free exercise of his religion.

     Specifically, the plaintiff alleged that the defendants refused to return a Certificate of Deposit that was taken from his cell in May of 2007 in retaliation for his previous lawsuits and grievances.   In addition, the plaintiff says the defendants took a prayer rug from his cell on May 20, 2007.

     The defendants have filed a motion for summary judgement claiming the plaintiff has failed to exhaust his administrative remedies. [d/e 32]

## II. FACTS

     The plaintiff did not directly respond to the defendants statement of undisputed facts. The following facts are therefore taken from the defendants motion and attached exhibits:

     Sherry Benton says she is the Chairperson of the Office of Inmate Issues. (Def. Memo, Benton Aff., p. 1)  Benton says she has searched the records of the Administrative Review Board (herein ARB) for grievances from the plaintiff in this case and found the following:

1

On August 2, 2007, the ARB received a grievance from the plaintiff dated June 3, 2007. The grievance complains that a Certificate of Deposit and a prayer rug were taken from the plaintiff's cell.   The plaintiff mentions that Defendant Bennett took him from his cell during the shakedown, but states he cannot read the name on the shakedown slip.   The plaintiff provides a badge number. (Def. Memo, Plain. Grievance)

The ARB found that the plaintiff's Certificate of Deposit should be returned to him, but the rug was found to be contraband.   Nonetheless, the rug was ordered to be sent to the plaintiff's new correctional center so it could be disposed of by the plaintiff.   A follow-up letter from the ARB notes that the Certificate of Deposit had been returned to the plaintiff, but the rug had been misplaced.   Therefore, the ARB ordered that the plaintiff was to be reimbursed $15 for the cost of the rug. (Def. Memo, ARB ltrs.)

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).   In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### IV.  ANALYSIS

2

The defendants argue that the plaintiff failed to exhaust his administrative remedies for the claims in his complaint before he filed this lawsuit.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001).  The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default.  *Pozo,* 286 F.3d at 1025.

The defendants state there is no evidence the plaintiff exhausted his administrative remedies for his claim that the defendants violated his First Amendment right to the free exercises of his religion.  While the plaintiff asks for the return of his prayer rug, his grievance focuses on the taking of his Certificate of Deposit.  The plaintiff makes no mention of any claim that the taking of his rug impacts the practice of his religion.   The only possible reference to religion is the fact that the plaintiff calls the item a "prayer" rug.   Whether or not the item was used for religions purposes, there is no evidence the plaintiff exhausted his administrative remedies for a claim that the defendants interfered with the free exercise of his religion.   The motion for summary judgement on this claim is granted.

The defendants also argue that the plaintiff failed to exhaust his administrative remedies for any claim that Defendants Blakewell or McLaughlin retaliated against him by taking his Certificate of Deposit, because the plaintiff makes no reference to either of these individuals in his complaint.   The plaintiff was not in his cell during the shakedown and says he cannot make out the signature on the shakedown slip.  The plaintiff is clearly referring to the officers who took his property and provides a badge number.  The defendants do not clarify if the badge number belongs to any of the defendants.  Therefore, based on the record before the court, the plaintiff cannot say the plaintiff failed to exhaust his administrative remedies for this claim.

## V. OTHER MOTIONS

## A.  MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The plaintiff has filed his third motion to amend his complaint.   The court denied the plaintiff's first two motions because he did not file a complete amended complaint setting out all claims against all defendants. *See* April 15, 2009 Court Order, [d/e 21, 24].

The plaintiff has now filed a proposed amended complaint.  The plaintiff repeats his claims against the named defendants.  However, the plaintiff cannot proceed on any claim that the defendants violated his rights to practice his religion because he failed to exhaust his administrative remedies.  In addition, the court has previously dismissed Defendant Illinois Department of Corrections Director Roger Walker and the John Doe Deputy Directors.  The plaintiff again asks to add these defendants because he states they "should have known of the actions of their subordinates." (Plain Mot, p. 3).  The plaintiff has ignored the court's order.  This is not sufficient to state liability under §1983.

A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).   Also, the mere fact that an individual was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under  42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  A supervisor cannot be held liable for the errors of his subordinates. .

 The plaintiff also says Walker and the Deputy Directors should be named as defendants because they created policies and customs "allowing and encouraging their subordinates to grossly neglect and disregard the proper managing of the staffs and guards they are assigned to supervise." (Plain Memo, p. 3).  The plaintiff makes no mention of any specific policy or custom or any incident besides the single event involving his property.  The court does not believe the plaintiff has met his burden of properly putting the defendants on notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2).

Finally, the plaintiff asks to add four defendants to his case, Officers Phillip and Turnquist as well as Assistant Warden Price and Warden Wright.  The plaintiff says Officer Phillip took his prayer rug and certificate of deposit and the remaining individuals ordered him to take the items from his cell.  The plaintiff says therefore these individuals "violated the plaintiff's constitutional right to the free practice of religion." (Plain. Memo, p. 3-5).  This claim has been dismissed for failure to exhaust administrative remedies.

The plaintiff does not allege that these individuals were involved in his surviving retaliation claim.  Nonetheless, the court notes that the plaintiff does mention the taking of his certificate of deposit.  In his original complaint, the plaintiff alleged that the taking of these items violated his Fourth Amendment rights, but this claim was dismissed.  November 20, 2008 Merit Review Order.  The plaintiff has not clearly articulated a claim based on the taking of his Certificate of Deposit.  Instead, the plaintiff has alleged that the surviving defendants refused to return his certificate, even when ordered to do so, in retaliation for his previous lawsuits and grievances.

4

Therefore, the plaintiff's amended complaint fails to state a claim upon which relief can be granted.  The motion to amend is denied. [d/e 36]

## B.  MOTION TO COMPEL

The plaintiff has filed a motion to compel discovery stating that the defendants have lied in response to his discovery requests. [d/e 37]   The defendants' motion to file a response *instanter* to the plaintiff's motion is granted. [d/e 38] The plaintiff says he needs all records of any kind in the control of "the defendants or the defendants attorneys, employees or agents" that in any way relate to his claims. (Plain Mot, p. 1).  The defendants object that this request it too vague and the court agrees.

The plaintiff does not specifically state what records he believes the defendants possess that would demonstrate they kept his Certificate of Deposit in retaliation for his previous litigation.  He does say he needs documents to show his physical injuries, but his surviving claim has nothing to do with any injury.

In addition, the plaintiff says he believes officials at Western Illinois Correctional Center are now retaliating against him and he fears for his life.  The plaintiff provides no specific information to support this claim.  However, the lawsuit before this court involves the Hill Correctional Center.  If the plaintiff believes individuals at the Western Illinois Correctional Center are retaliating against him, he must complete the grievance process and can file a separate lawsuit concerning those separate claims. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)( "[u]nrelated claims against different defendants belong in different suits.")  The court further notes that the plaintiff has now moved to the Lawrence Correctional Center.

Finally, the court notes that the plaintiff is proceeding pro se.  Therefore, the court has reviewed all of the attached discovery requests and responses.  The court finds that the plaintiff has asked direct and specific questions of each defendant and each defendant has provided an appropriate response.  Therefore, the motion to compel is denied. [d/e 37]

## C.  MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has filed his second motion for appointment of counsel. [d/e 44]   In considering a motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The plaintiff says he was put in segregation on January 11, 2010 due to a false disciplinary ticket.  The plaintiff admits that he was found guilty of the offense and lost good time credits.  This claim is not relevant to the motion for appointment of counsel or the claims before the court.

5

The plaintiff also states that he does not have access to his legal documents while in segregation and does not have a pen. The court notes that the plaintiff has not been hampered in filing this motion or other documents with the court. The plaintiff does not point to any specific motions or responses that he has been prevented from filing. The plaintiff should advise staff if there are specific documents he needs to respond to a motion or order or to prepare a motion. If he is not allowed access to those documents, he can file a motion stating the specific problem, his attempts to resolve it and ask for the court's assistance. The motion is denied.

## VI. SCHEDULING

The plaintiff has filed a motion to extend the discovery deadline [d/e 39] and the defendants have filed a motion to extend the time for filing dispositive motions. [d/e 42]. Both are granted. The court will allow a short extension of the discovery deadline. All discovery must be completed on or before April 2, 2010. Any dispositive motion must be filed by May 7, 2010.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion for summary judgement is granted in part and denied in part. [d/e 32]. The court finds the plaintiff has failed to exhaust his administrative remedies for his claim that he was denied his First Amendment right to the free exercise of his religion. Therefore, the plaintiff has one surviving claim: that Correctional Officers Ashton Blakewell, Tammy Bennett and Christopher McLaughlin retaliated against the plaintiff in violation of his First Amendment rights when they refused to return a Certificate of Deposit taken from his cell.**

**2) The plaintiff's motion for leave to file an amended complaint is denied. [d/e 36]**

**3) The defendants motion to file a response to plaintiff's motion to compel *instanter* is granted. [d/e 38]   The plaintiff's motion to compel discovery is denied. [d/e 37]**

**4) The plaintiff's motion for appointment of counsel is denied. [d/e 44]**

**5) The parties motions to extend deadlines are granted. [d/e 39, 42]. The court will abide by the following deadlines: 1) any additional discovery must be completed on or before April 2, 2010; and 2) any dispositive motion must be filed by May 7, 2010.**

Entered this 3rd Day of March, 2010.

**s\Harold A. Baker**

_____

6

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE